WILLIAMS, Judge.
This is an appeal by Ann Peterson Jour-dan from a decision of the trial court interpreting a will made by her aunt Ann P. Harris. The will contained the provision that appellee Nolan Edward Rabón be giv *641 en a usufruct over her residence. Rabón and the decedent were friends, and it clearly was her intention to provide for him after her death. Mrs. Harris owned a duplex; she lived in the larger, lower apartment. The issue has arisen as to whether she meant for Rabón to receive a usufruct over the entire duplex or only over the lower apartment in which she lived.
The trial court heard testimony from Ra-bón and Jourdan. Rabón testified that Mrs. Harris had indicated to him that she wanted to leave the entire structure to him; the rent from the other unit would supplement his Social Security income. Most of Rabon’s other testimony and that of Jour-dan centered around the rental history of the other half of the duplex.
Article 1712 of the Louisiana Civil Code provides that “[t]he interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of testament.” The Civil Code also requires a common sense approach to the interpretation of dispositions and, if intent of the testator is not ascertainable inquiry into all circumstances may be made to determine intent. La.Civ.C. arts. 1713 and 1715. Article 1716 also states that “[a] mistake in the name of an object bequeathed is of no moment, it can be ascertained what the thing was which the testator intended to bequeath.”
In view of Rabon’s testimony, we find that Mrs. Harris’s intent was to give Rabón a usufruct over the entire building. Her denomination of the structure as her “residence” is somewhat ambiguous, but not controlling in the sense that we are bound by a literal meaning of her etymology. La. Civ.C. art. 1716. We believe that Mrs. Harris meant “residence” to mean the whole duplex. The decision of the trial court was correct.
We note that Rabón has answered this appeal, asking for, in effect, damages for frivolous appeal. We find that such an award is not warranted at this time.
For the foregoing reasons the decision of the trial court is affirmed, all costs to be borne by appellant.
AFFIRMED.